[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 24, 2006
THOMAS K. KAHN
CLERK

Nos. 04-15138, 04-15301
Non-Argument Calendar

_____

D. C. Docket Nos. 02-00001-CV-T-26-MAP,
99-00226-CR-T-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL SPUZA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(August 24, 2006)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Michael Spuza, proceeding through counsel, appeals the denial of

his motion for a new trial pursuant to Fed. R. Crim. P. 33, and the district court's denial of his motion to disqualify the district court judge. Spuza was convicted of one count of conspiracy to defraud the United States government, in violation of 18 U.S.C. § 371, 42 U.S.C. § 1320a-7(b); and five counts of receiving kickbacks for Medicare referrals, in violation of 42 U.S.C. § 1320a-7b(b)(1), 18 U.S.C. § 2. We affirmed his conviction but vacated the order of restitution and remanded the case for resentencing. *United States v. Liss*, 265 F.3d 1220 (11th Cir. 2001). After the district court resentenced Spuza, he filed a 28 U.S.C. § 2255 motion, which the district court denied. The district court also denied Spuza's motion to disqualify the district judge. Spuza then filed a motion for a new trial and motion to set aside judgment on his § 2255 motion, which the district court denied. On appeal, Spuza argues that: (1) the district court erred in denying his motion for a new trial; (2) the district court erred in declining to hold an evidentiary hearing and make findings of fact; and (3) the district court erred by denying his motion to disqualify the district judge. Also pending is the government's motion to dismiss the appeal arguing that Spuza's new trial motion amounted to a successive § 2255 motion for which he did not obtain our permission to file. We previously carried this motion with the case, and we resolve it now.

## A. Motion to Dismiss

2

Under § 2255, a federal prisoner may move to vacate a sentence when "the sentence was imposed in violation of the Constitution or laws of the United States, or [] the court was without jurisdiction to impose such sentence, or [] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the court of appeals for an order authorizing the district court to consider such a motion. *See id.*

Given the nature of Spuza's claims, some of which raise constitutional challenges to his conviction subsequent to a direct appeal, the district court could have construed his motion as a § 2255 motion. 28 U.S.C. § 2255; *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). Because Spuza filed his motion after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), apply. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997).

Under AEDPA, a successive § 2255 motion cannot be filed in the district court before obtaining our permission, and we cannot grant such permission unless the successive motion relies on (1) newly discovered evidence that, if proven and

3

viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. A Rule 33 motion filed more than seven days after the verdict may only address newly discovered evidence of innocence, not a constitutional violation. Fed. R. Crim. P. 33(b)(1), (2) (motion for new trial based on grounds other than newly discovered evidence must be filed within seven days of the verdict); *see also United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2000) ("A defendant whose argument is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under § 2255").

Spuza had already filed a prior § 2255 motion to vacate, which the district court denied. Though he styled his present motion as one pursuant to Fed. R. Crim. P. 33 and Fed. R. Civ. P. 60(b), he raised claims that included constitutional violations stemming from the government's suppression of (1) computer data seized from Clearwater Clinical Laboratories ("CCL"); (2) an audiotape of Spuza's conversation with Ray Bastedo, a former employee of the Spuza clinic, and Felicia Spuza; (3) documents from a company called SOMED; and (4) a October 29,

4

1998, prosecution report implicating Todd Vernale, as well as other prosecution reports. These claims were not raised in his prior § 2255 motion. Spuza did not seek our permission to file a second or successive § 2255 motion to pursue these claims. *See* 28 U.S.C. § 2255. Further, a Rule 33 motion filed more than seven days after the verdict may only address newly discovered evidence showing actual innocence, not constitutional violations, and none of these documents shows that Spuza was actually innocent. Thus, to the extent that Spuza's claims raise new evidence of constitutional violations not addressed in his prior § 2255 motion, his present motion was a successive § 2255 motion to vacate, which the district court did not have jurisdiction to consider. Accordingly, we **GRANT** the government's motion to dismiss with respect to these claims.

However, Spuza's remaining claims properly form the basis of a Rule 33 motion as they assert actual innocence. The remaining claims essentially are that evidence obtained from Ultra Healthcare Systems and CCL show that Spuza is actually innocent because the evidence impeaches testimony at trial. Though the government now asserts that Spuza's Rule 33 motion was untimely, it did not raise this claim before the district court and thus forfeited it. *See Eberhart v. United States*, ___ U.S. ___, 126 S. Ct. 403, 406-07, 163 L. Ed. 2d 14 (2005) (the time limits on Rule 33 motions for new trials based on new evidence are not

jurisdictional and can be forfeited).  Accordingly, we **DENY** the motion to dismiss

with respect to these claims.

## B.  Spuza's Remaining Claims

### 1.  New Trial Motion

First, Spuza argues that the district court abused its discretion in denying his

motion for a new trial.  He asserts that he produced newly discovered evidence that

supported his claim of actual innocence.

We review the district court's denial of a motion for new trial based on

newly discovered evidence for abuse of discretion.  *United States v. Vallejo*, 297

F.3d 1154, 1163 (11th Cir. 2002).  We have stated that

> [t]o succeed on a motion for a new trial based on newly discovered
> evidence, the movant must establish that (1) the evidence was
> discovered after trial, (2) the failure of the defendant to discover the
> evidence was not due to a lack of due diligence, (3) the evidence is not
> merely cumulative or impeaching, (4) the evidence is material to
> issues before the court, and (5) the evidence is such that a new trial
> would probably produce a different result.

*United States v. Schlei*, 122 F.3d 944, 991 (11th Cir. 1997).  "The failure to satisfy

any one of these elements is fatal to a motion for a new trial."  *Id.* (quoting *United*

*States v. Lee*, 68 F.3d 1267, 1274 (11th Cir. 1995)).  "The district court should use

'great caution' in granting a new trial motion based on newly discovered

evidence."  *United States v. Garcia*, 13 F.3d 1464, 1472 (11th Cir. 1994) (citation

6

omitted). Unsubstantiated allegations and accusations are insufficient to support a motion for new trial based on newly discovered evidence. *See United States v. Calderon*, 127 F.3d 1314, 1348, 1354-55 (11th Cir. 1997).

In order to convict Spuza of receiving kickbacks for referring patients to CCL, the government had to prove that he

> knowingly and willfully solicit[ed] or receive[d] any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind – (A) in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under the Federal health care program. . . .

42 U.S.C. § 1320a-7b(b).

Spuza admits that the government did not suppress documents from UHS or documents abandoned by CCL. The record demonstrates that he was aware that witnesses from both companies would testify, yet he made no effort to obtain documents from either company. Thus, he has not shown that he was unable to discover the evidence through the exercise of due diligence. The remaining evidence concerns evidence that Spuza argues the government suppressed and to which the district court used the wrong standard. However, as Spuza's claims regarding this evidence allege constitutional violations, the appropriate vehicle for raising such claims is a § 2255 motion. As noted above, the district court properly denied Spuza's claims in this regard as a second or successive § 2255 motion.

7

Accordingly, we affirm on this ground.

## 2. Evidentiary Hearing

Next, Spuza argues that the district court erred in declining to hold an evidentiary hearing or make findings of fact related to his motion for a new trial. He asserts that the district court erred in making credibility determinations about Christine Nichols ("Nichols"), Spuza's investigator, without holding an evidentiary hearing.

We review for abuse of discretion a district court's denial of an evidentiary hearing. *United States v. Fernandez*, 136 F.3d 1434, 1438 (11th Cir. 1998).

A defendant is not entitled to an evidentiary hearing for a motion for a new trial if "the acumen gained by a trial judge over the course of the proceedings [made him] well qualified to rule on the [evidence] without a hearing." *Schlei*, 122 F.3d at 994; *see also United States v. Hamilton*, 559 F.2d 1370, 1373-74 (5th Cir. 1977)[1] ("Where evidentiary hearings are ordered, it is because of certain unique situations typically involving allegations of jury tampering, prosecutorial misconduct, or third party confession.").

We conclude from the record that the district court did not abuse its

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

discretion in denying Spuza's request for an evidentiary hearing. The court heard evidence at trial and at a subsequent § 2255 hearing at which Nichols testified. Much of the evidence Spuza purported to be exculpatory did not show that he was actually innocent. Some evidence put forth by Spuza conceded that the new evidence was known before trial. As to other evidence, Spuza failed to show that the evidence could not have been discovered through the exercise of due diligence. Because the evidence that Spuza identifies does not, on its face, justify a new trial, the district court did not abuse its discretion in failing to hold an evidentiary hearing. Accordingly, we affirm the district court's disposition of this issue.

### 3. Disqualification

Finally, Spuza argues that the district court erred in denying his motion to disqualify, which was grounded on the district court's determination that his witnesses were not credible based on testimony at a prior hearing.

We review a judge's decision not to recuse himself for an abuse of discretion. *United States v. Bailey*, 175 F.3d 966, 968 (11th Cir. 1999).

Under 28 U.S.C. § 144, a judge shall recuse himself "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." The affidavit "shall state the

9

facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.*  To warrant recusal under § 144, the movant must allege facts that would convince a reasonable person that bias actually exists. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

Under 28 U.S.C. § 455(a), a federal judge must disqualify himself if his "impartiality might reasonably be questioned."  To disqualify a judge under § 455(a), the bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *Bailey*, 175 F.3d at 968 (internal quotation marks omitted).  Motions for recusal may not be based merely on an adverse ruling in the same case. *United States v. Meester*, 762 F.2d 867, 884-85 (11th Cir. 1985).  Further, adverse rulings in the same case do not constitute an extrajudicial source. *See Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994).  In deciding whether a district judge should recuse himself under § 455(a), we determine whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on

10

which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (citation omitted). Section 455(b) requires disqualification under specific circumstances, including situations where a judge has a personal bias or prejudice concerning a party, has participated as counsel in the matter, or has a financial interest in the matter. 28 U.S.C. § 455(b).

We conclude from the record that the district court did not abuse its discretion in denying Spuza's motion. Spuza asserts that the judge in his case demonstrated bias by rejecting evidence discovered by Nichols based on his findings at a prior hearing that she was not credible. Thus, Spuza has implicitly conceded that the alleged bias does not stem from an extrajudicial source. In addition, the motion is based on a single ruling, which does not show the necessary pervasive bias and prejudice. Accordingly, we affirm on this ground.

For the above-stated reasons, we affirm the district court's denial of Spuza's motion for a new trial and the court's denial of Spuza's motion to disqualify the district judge. We grant in part and deny in part the government's motion to dismiss the appeal.

**JUDGMENT AFFIRMED, MOTION GRANTED IN PART AND DENIED IN PART.**