**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ernest C. HAMILTON, Lloyd E. Hennigan, Jr., Philip J. Shaheen, Jr., and Henri Loridans, Defendants-Appellants.**

**Nos. 75–3754, 76–3037.**

United States Court of Appeals, Fifth Circuit.

Oct. 3, 1977.

Edward M. Baldwin, New Orleans, La., for defendants-appellants.

Gerald J. Gallinghouse, U. S. Atty., Mary W. Cazalas, Asst. U. S. Atty., New Orleans, La., Mark M. Richard, Abigail S. Kelly, Atty., Dept. of Justice, Washington D. C., for plaintiff-appellee.

Before COLEMAN, Circuit Judge, and KUNZIG, Judge,* and GEE, Circuit Judge.

KUNZIG, Judge.

This is an appeal from two district court orders (consolidated here) denying motions for new trial based on "newly discovered" evidence.[1] Judge Edward J. Boyle, who had presided over the original trial in the Eastern District of Louisiana, denied the motions after examining the supporting affidavits and without granting a hearing. Appellants (Hamilton, Loridans, Shaheen and Hennigan) requested an evidentiary hearing below on the motion for new trial,

---

* Judge, United States Court of Claims, sitting by designation.

1. Fed.R.Crim.P. 33 states:

The court on motion of a defendant may grant a new trial to him if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period. (As amended Feb. 28, 1966, eff. July 1, 1966).

and they continue to press for one. Appellants ask us to rule either that they are entitled to such a hearing or that they are entitled to a new trial. We decline to do so. This court holds that no evidentiary hearing was required, and we find that the trial judge acted within his discretion in denying the motions for new trial. Accordingly, we affirm the orders entered below.

The full story of the fraudulent scheme entered into by these appellants and others is recounted in an earlier opinion of this court affirming the original convictions on direct appeal. *United States v. Perez*, 489 F.2d 51 (5th Cir. 1973), *cert. denied*, 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974). It is sufficient to repeat here that the plan involved the staging of automobile accidents for the purpose of creating and then settling false personal injury and property damage claims. All four appellants were lawyers who had handled such fraudulent suits on behalf of fake accident "victims." [2]

Now appellants allege newly discovered evidence. This consists primarily of a series of affidavits from former prison inmates, as well as from participants in the fraud, their acquaintances and paramours. The substance of this proffered material is that certain key prosecution witnesses (chiefly Larry DeMary, a ring leader and codefendant who pled guilty and then testified at trial) have made out of court statements inconsistent with their trial testimony. Among the declarations now offered are those made by former inmates who met Larry DeMary in prison. According to them, DeMary said that he intended to lie, falsely implicating the lawyers, to get a better deal for himself.

These matters are the basis of appellants' Rule 33 motions for new trial.[3] Judge Boyle denied the first such motions (including a request for an evidentiary hearing) on September 30, 1975. Appellants then filed a second wave of Rule 33 motions drawing Judge Boyle's attention to testimony adduced at their disbarment proceedings which had occurred after the September 30 order was entered. These second motions were denied by Judge Boyle on April 12, 1976. Appellants noticed an appeal from each order, and we consolidated the cases here.[4]

Appellants first make the assertion that the trial court erred in denying the motions without a hearing. They then argue that the motions should have been granted and a new trial ordered. Appellants advance two tests, claiming to satisfy both. They contend, initially, that this evidence meets the standard which requires that it be discovered after trial, is not merely cumulative, and is material and of such a nature as to probably produce a different result at a new trial.[5] Appellants suggest, secondly, that this evidence also meets a special stan-

---

2. The State Bar Association subsequently initiated disciplinary proceedings against these appellants and all four were disbarred. *Louisiana State Bar Ass'n v. Loridans*, 338 So.2d 1338 (La.1976); *Louisiana State Bar Ass'n v. Shaheen*, 338 So.2d 1347 (La.1976); *Louisiana State Bar Ass'n v. Hennigan*, 340 So.2d 264 (1976); *Louisiana State Bar Ass'n v. Hamilton*, 343 So.2d 985 (La.1977).

3. We have already considered and rejected much of this very same evidence upon appeal of motion for new trial in a closely related case. As this was a statewide scheme, it happened that other co-conspirators were tried and convicted in the Western District of Louisiana. *United States v. Cormie* (Crim.No. 18870, W.D. La.) *aff'd sub nom United States v. Parkman*, 488 F.2d 1392 (5th Cir. 1973), *cert. denied*, 416 U.S. 983, 94 S.Ct. 2385, 40 L.Ed.2d 760 (1974).

Subsequently, on August 2, 1974, Dr. Parkman moved for new trial. The trial court denied the motion and we affirmed. *United States v. Parkman*, 512 F.2d 1405 (5th Cir. 1975).

4. This case, it will be remembered, was originally tried in the Eastern District of Louisiana before Judge Boyle. *United States v. Borsch* (Crim.No. 30998, E.D.La.). We affirmed that conviction *sub nom United States v. Perez*, 489 F.2d 51 (5th Cir. 1973) and the Supreme Court denied the petition for certiorari, *United States v. Perez*, 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974).

5. *See United States v. Riley*, 544 F.2d 237, 240 (5th Cir. 1976); *Hudson v. United States*, 387 F.2d 331, 333 (5th Cir. 1967), *cert. denied*, 393 U.S. 876, 89 S.Ct. 172, 21 L.Ed.2d 147 (1968). Additional elements of this test are: the evi-

dard which applies where new evidence shows that the trial testimony of a chief prosecution witness was false.[6]

The Government takes vigorous issue at every step. They respond, first, that appellants have not alleged such unusual circumstances as require an evidentiary hearing. The Government then maintains that appellants fail to satisfy fully any criterion of any test, neither the first (*see* note 5, *supra*), nor the second (*see* note 6, *supra*) that this circuit has used in passing on motions for new trial on the ground of newly discovered evidence.

■ We agree with the Government. The trial court did not abuse its discretion by ruling without a hearing, nor did it abuse its discretion in denying the motions for new trial. This case is controlled by the fact that evidence not under attack amply sustains the conviction. For that reason, it cannot be said that a new trial would be sufficiently likely to produce a different result. Since that result-oriented consideration cuts across both tests as a common element, it follows that appellants have not met either test and that it was therefore no abuse of discretion for the trial court so to conclude. Accordingly, we affirm.

■ Our analysis must begin with a recognition of our role in this matter. A Rule 33 motion is addressed to the discretion of the trial judge. *Hudson v. United States*, 387 F.2d 331 (5th Cir. 1967). Such motions are not favored and are granted with great caution. *United States v. Riley*, 544 F.2d 237, 240 (5th Cir. 1976). It follows that the denial of a motion for new trial will not be reversed absent an abuse of discretion by the trial judge. *Hudson, supra*.

■ The sole issue in this case is not whether we agree with the trial judge or would have decided the motions the same way, but only whether the trial judge abused his discretion. *See United States v. Zane*, 507 F.2d 346 (2d Cir. 1974), *cert. denied*, 421 U.S. 910, 95 S.Ct. 1563, 43 L.Ed.2d 775 (1975). Appellants have not sustained their burden. They have not convinced us that the trial judge was wrong, much less that his rulings were so clearly erroneous as to constitute abuse of discretion.

## I. Request for Evidentiary Hearing.

■ The law of this circuit is well established that a motion for new trial may ordinarily be decided upon affidavits without an evidentiary hearing. *United States v. Curry*, 497 F.2d 99 (5th Cir.) *cert. denied*, 419 U.S. 1035, 95 S.Ct. 519, 42 L.Ed.2d 311 (1974); *Lyles v. United States*, 272 F.2d 910 (5th Cir. 1959). Where evidentiary hearings are ordered, it is because of certain unique situations typically involving allegations of jury tampering, prosecutorial misconduct, or third party confession. *See Richardson v. United States*, 360 F.2d 366 (5th Cir. 1966); *Casias v. United States*, 337 F.2d 354 (10th Cir. 1964). Appellant Hamilton notes all this correctly and also concedes candidly that no such unique circumstances are alleged here.[7]

The instant case presents a situation particularly suitable for ruling without a hearing. Trial Judge Boyle, who considered the motions, has presided over this case since its inception some ten years ago. He heard and evaluated the testimony of the witnesses whose credibility is now challenged. In *Curry, supra*, we held that the acumen gained by a trial judge over the course of the proceedings made him well qualified to

dence must not be merely impeaching, and the movants must have been diligent.

6. *See Larrison v. United States*, 24 F.2d 82 (7th Cir. 1928); *Newman v. United States*, 238 F.2d 861 (5th Cir. 1956). Additional elements of this test are: the party seeking new trial must have been taken by surprise when false testimony

was given and have been unable to meet it, and that the jury, without such false testimony, might have reached a different result.

7. Memorandum in Support of Holding an Evidentiary Hearing on Second Motion for New Trial on Behalf of Defendant Ernest C. Hamilton, 2.

rule on the basis of affidavits without a hearing. That is essentially the same footing on which the trial judge stands here. Judge Boyle did not err in failing to hold an evidentiary hearing.

## II. *Request for New Trial.*

We have previously adverted to the standards to be applied in ruling on a motion for new trial based on newly discovered evidence (*see* notes 5 and 6, *supra*). In order to prevail, the movant must satisfy each element of the appropriate test. *See United States v. Rachal*, 473 F.2d 1338, 1344 (5th Cir.), *cert. denied*, 412 U.S. 927, 93 S.Ct. 2750, 37 L.Ed.2d 154 (1973). A common element of the two tests is a requirement that the new evidence be of such a nature as to have some degree of probability of changing the outcome should a new trial be granted. This standard is expressed as "probable" in the first test and as "might have reached a different result absent the false testimony" in the second.

Our exhaustive search of the 30 volume record convinces us that there is ample evidence to support a conviction, even under the most rigorous application of the second standard.[8] Indeed, we must agree with Chief Judge Brown who, after subtracting Larry DeMary's testimony, found the remaining evidence to be substantial:

> Other than the testimony of . . . Larry DeMary and others similarly situated . . . the showing on the crucial question of knowledge on the part of the professionals was entirely circumstantial, nonetheless, it was substantial.

*United States v. Perez*, 489 F.2d 51, 73 (5th Cir. 1973).

Our review of the record supports Chief Judge Brown's summary of the independent evidence against each. As to Loridans, there was evidence (independent of Larry DeMary and others similarly situated) that he and his partner assisted phony claimants who had been involved in four staged accidents, that certain of these claimants testified to Loridans' knowing complicity, and that a pattern (including the routine signing of employment contracts for services prior to the accidents) of dealing with these clients was such as to impute knowing complicity. As to Hennigan, there was evidence (independent of Larry DeMary and others similarly situated) that he participated with claimants in five of the staged collisions and that a pattern (including the signing of contracts and dealing with clients without ever seeing them) developed which presupposes knowledge on Hennigan's part. As to Shaheen, a partner of Hennigan, there was similar evidence (independent of Larry DeMary and others similarly situated) that he participated with claimants who had been in false collisions and that his office practice likewise suggested knowing complicity. Finally, as to Hamilton, there was specific testimony by a phony victim (independent of Larry DeMary and others similarly situated) that Hamilton knew of the fraudulent nature of a claim he was pressing on behalf of claimants in a staged accident. *United States v. Perez*, 489 F.2d 51, 71–76 (5th Cir. 1973).

Faced with this evidence, which this court has previously characterized as "iron clad," *Perez, supra* at 72, appellants' argument must fail regardless of which standard we use. This new evidence is not "likely" to produce a different result, much less "prob-

---

**8.** In a recent case, the Second Circuit criticized this standard, suggesting that a new trial should not be granted even where perjury is proved unless the court determines that a new result is probable. *United States v. Stofsky*, 527 F.2d 237, 246 (2d Cir. 1975). *But see United States v. Wallace*, 528 F.2d 863 (4th Cir. 1976). There is a further question whether appellants have laid a proper foundation for the test. Appellants do not assert that a chief witness has recanted but merely that the witness made inconsistent out of court statements to third parties. The Government vigorously argues that this does not prove perjury. *But c. f. Schneider v. Estelle*, 552 F.2d 593 (5th Cir. 1977).

Because, on the facts here, appellants do not even satisfy the "might produce a different result" standard, we need not address these issues.

able" to do so. As the *Perez* court said, such explanations as mistake, naivete, or coincidence have been "exceeded and then super-exceeded." *Perez, supra* at 73. It is, thus, not necessary for us to inquire further.[9] We cannot say that Judge Boyle abused his discretion in denying the motions for new trial.

In summary, we hold that the district court did not abuse its discretion in denying appellants' motions for new trial without an evidentiary hearing. We further hold that there was no sufficient probability that a new trial, if granted, would produce a different result and the motions were properly denied.

Accordingly, we affirm the orders denying appellants' motions for new trial.

AFFIRMED.

---

9. We do note, however, that appellants would appear to have difficulty meeting other elements of the two tests. With respect to the first, much of this evidence is not new and most, if not all of it, is merely cumulative and impeaching; and with respect to the second, appellants were not surprised at trial nor were they unable to respond at trial.