931 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Janet NEMECEK, Defendant-Appellant.
 No. 90-3368.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1991.
 
 BEFORE: MERRITT, KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-appellant Janet Nemecek (appellant) was convicted by a jury of several charges related to an embezzlement scheme. She appeals, asserting two errors: (1) denial of her right to effective assistance of counsel due to conflict of interest created by the joint representation of appellant and her jointly indicted husband; and (2) denial of a post-trial evidentiary hearing on that claim. The conflict of interest claim was first raised in appellant's motion for a new trial filed by new counsel. The District Court denied the motion without comments or reasons. Because we believe that appellant was entitled to a hearing on her motion; we shall VACATE the judgment of the District Court and REMAND for such hearing.
 
 I.
 
 2
 On November 17, 1988, appellant and her husband, Jack Nemecek, were indicted in the United States District Court for the Northern District of Ohio. This indictment was superseded on January 10, 1989, naming appellant and her husband on each of 34 counts of the indictment. At their arraignment the Nemeceks were represented by two attorneys from the same law firm. Apparently both attorneys worked jointly for both Janet and Jack Nemecek. Both attorneys appeared on behalf of the Nemeceks at a the pretrial hearing on March 21, 1989. At that hearing the District Court denied appellant's motion for separate trial. As the basis for her severance motion, appellant claimed that her defense was antagonistic to her husband. At that point the joint representation was squarely called to the attention of the District Court. Yet no inquiry was made by the court concerning joint representation as required by Rule 44(c) of the Federal Rules of Criminal Procedure. That rule provides:
 
 
 3
 Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless it appears that there is good cause to believe no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.
 
 
 4
 There is no explanation in the record as to why the District Court failed to comply with the rule.
 
 
 5
 On May 4, 1989, Jack Nemecek entered guilty pleas to each of the counts of the indictment and on May 5, 1989, appellant's trial commenced. On May 26, 1989, the jury found appellant guilty of aiding and abetting embezzlement, aiding and abetting the making of false statements to a bank examiner, and filing false tax returns. Appellant was acquitted of several other counts of the indictment. She was sentenced to an aggregate term of three years. The sentence was suspended and appellant was placed on probation for three years.
 
 
 6
 Appellant's motion for a new trial asserts that she was never advised of the risks and conflicts inherent in the joint representation by her attorneys and that she was denied effective assistance of counsel in violation of the sixth amendment by reason of the joint representation. The motion included a request for an evidentiary hearing. On appeal she asserts that joint representation alone requires a new trial. The District Court, without making findings, denied both the motion and the request for a hearing.
 
 II.
 
 7
 The Supreme Court has made clear that "multiple representation does not violate the Sixth Amendment unless it gives rise to a conflict of interest." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). "[T]he possibility of conflict is insufficient to impugn a criminal conviction," id. at 350 (emphasis added), since "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Id. at 348 (emphasis added).
 
 
 8
 This Circuit has interpreted the Cuyler test as directing courts " 'to determine, on the facts of each case, whether there is an actual conflict of interest and whether that conflict has caused ineffective performance in violation of the provisions of the Sixth Amendment.' " Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.) (quoting Smith v. Bordenkircher, 671 F.2d 986, 987 (6th Cir.), cert. denied, 459 U.S. 848 (1982)), cert. denied, 484 U.S. 870 (1987). The standard for determining whether an actual conflict of interest exists was set forth in Thomas as follows:
 
 
 9
 We will not find an actual conflict unless appellants can point to "specific instances in the record to suggest an actual conflict or impairment of their interests." ... Appellants must make a factual showing of inconsistent interests and must demonstrate that the attorney "made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client but harmful to the other. If he did not make such a choice, the conflict remained hypothetical." ... There is no violation where the conflict is "irrelevant or merely hypothetical"; there must be an "actual significant conflict."
 
 
 10
 818 F.2d at 481 (quoting United States v. Mers, 701 F.2d 1321, 1328 (11th Cir.), cert. denied, 464 U.S. 991 (1983)); see also United States v. Boling, 869 F.2d 965, 971-72 (6th Cir.1989), cert. denied, 110 S.Ct. 1140 (1990) (applying this standard).
 
 
 11
 As noted above, when co-defendants are represented by the same counsel or by counsel who are associated in the practice of law, Rule 44(c) requires that "... the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of the right to the effective assistance of counsel, including separate representation." Fed.R.Crim.P. 44(c). Had the District Court complied with the rule, this appeal may well have been avoided. However, even though the District Court did not advise appellant of her right to separate representation, the failure to conduct a Rule 44(c) inquiry does not, standing alone, necessitate the reversal of a conviction of a jointly represented defendant. See, e.g., United States v. Mers, 701 F.2d 1321, 1326 (11th Cir.), cert. denied, 464 U.S. 991 (1983); United States v. Benavidez, 664 F.2d 1255, 1258 (5th Cir.), cert. denied, 457 U.S. 1121 (1982). Indeed the Advisory Committee Notes, 77 F.R.D. 507, 603 (1978), specifically state, "[t]he failure in a particular case to conduct a Rule 44(c) inquiry would not, standing alone, necessitate the reversal of a conviction of a jointly represented defendant." Rather, a reviewing court may be more likely to assume that a conflict resulted from the joint representation when no inquiry or an inadequate inquiry was conducted. The advisory note goes on to say:
 
 
 12
 Under Rule 44(c), the court is to take appropriate measures to protect each defendant's right to counsel unless it appears "there is good cause to believe no conflict of interest is likely to arise" as a consequence of the continuation of such joint representation. A less demanding standard would not adequately protect the Sixth Amendment right to effective assistance of counsel or the effective administration of criminal justice.
 
 
 13
 Therefore, although the Cuyler standard is still applicable here, because the District Court failed to adhere to Rule 44(c), we will give especially close scrutiny to any alleged conflict of interest.
 
 
 14
 We must consider (1) whether there is an actual conflict of interest and, if so, (2) whether that actual conflict has caused ineffective performance in violation of the sixth amendment.
 
 III.
 
 15
 Appellant argues that the record before us is sufficient to establish the actual conflict prong of her ineffective assistance claim. We disagree. As we indicated above, because appellant raised no objection to the joint representation at trial, she must point to specific instances in the record to suggest an actual conflict. So far she has been unable to cite such specific instances in the record. This case is unlike the situations in Thomas v. Foltz and United States v. Boling, where the record contained ample evidence of an actual conflict in the context of joint representation. Appellant is able only to suggest various hypothetical conflicts. For example, appellant attempted to exonerate herself by claiming ignorance of the illegal acts and pointing the finger of guilt at her husband. Appellant argues that counsel had a conflict in presenting Jack Nemecek as "the bad guy" at her trial since that would have undermined Jack Nemecek's sentencing position. However, Jack Nemecek had plead guilty to all 34 counts of the indictment and it was equally in his best interest to present himself as fully and truthfully accepting all responsibility for the criminal acts which would be fully consistent with appellant's defense. In fact he did testify that he engineered the fraud underlying the indictment and that appellant had "absolutely no idea" of the scheme. Joint App. at 132. Appellant also claims that conflict was present because her counsel may have acquired information from her husband in the attorney-client relationship which may have assisted her but which counsel could not use. Outside of this general claim she posits no specific information that could have been, but was not, elicited during trial. Appellant's other arguments are equally as devoid of any specificity from which a finding of actual conflict of interest that affected the adequacy of her representation could be made.
 
 
 16
 Because appellant has failed to show specific instances in the record suggesting an actual, as opposed to hypothetical, conflict of interest, we need not consider the second prong of the Cuyler standard.
 
 IV.
 
 17
 Appellant also argues that the District Court committed error in denying her motion for a new trial without an evidentiary hearing. The basis for the new trial motion was appellant's ineffective assistance of counsel claim predicated on conflict of interest.
 
 
 18
 As an appellate court, our adjudicative authority extends only to questions amply grounded in the record. Here appellant sought to present the ineffective assistance of counsel issue to the District Court and sought an evidentiary hearing. Although her motion lacks much specificity as to which elements of a constitutionally deficient performance might be found, see United States v. Hamilton, 559 F.2d 1370, 1373 (5th Cir.1977); United States v. Pinkney, 543 F.2d 908, 917 (D.C.Cir.1976), we cannot say that there are no genuine factual disputes to be resolved. The District Court's disposition of the motion by a marginal entry "denied," provides no rationale as to why it concluded there were no factual disputes or other basis for that deposition.
 
 
 19
 Although the appellant has not satisfied the requirements of Cuyler which would mandate this Court's reversal of her convictions, we find that appellant's request for a post-trial evidentiary hearing on her conflict claim should have been granted. As we noted earlier, where a defendant has not been apprised of the potential danger of joint representation, a court should review such conflict claims with heightened scrutiny. Under the circumstances of this case, where the District Court failed to conduct the Rule 44(c) inquiry and the appellant is the spouse of the jointly represented defendant, the allegations of conflict of interest made by appellant in her motion for a new trial were sufficient to trigger the need for an evidentiary hearing.
 
 V.
 
 20
 Accordingly, Janet Nemecek's convictions and sentence are AFFIRMED but the case is REMANDED for an appropriate hearing on her motion for a new trial.