[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14329
Non-Argument Calendar

_____

D. C. Docket Nos.
04-02162-CV-T-30-TBM
01-00056-T-30-T

ANTHONY WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 24, 2007)**

Before BLACK, MARCUS  and FAY, Circuit Judges.

PER CURIAM:

Anthony Williams, a pro se federal prisoner serving a 241-month sentence for drug and firearms offenses, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Upon Williams's motion, we granted the following certificate of appealability ("COA"): Whether the district court erred by denying Williams's claim that his trial counsel was ineffective for failing to file a motion for a new trial based upon newly discovered evidence, which consisted of an affidavit from a government witness given to counsel before Williams's sentencing. For the reasons set forth more fully below, we affirm.

Williams was arrested in connection with an undercover investigation of a robbery conspiracy. An undercover officer testified at trial that Williams was present at a pre-robbery planning meeting and was arrested the next day at the specified location from which the robbery was to commence. Williams's defense was that he had never intended to commit the robbery, had informed his co-defendants of his true intention, and was present at the pre-arranged location because his friend had asked Williams to accompany him in a trip to retrieve the friend's belongings from a third person. Williams was convicted of the above-mentioned offenses.

On the day of Williams's sentencing, his counsel filed a motion to continue

sentencing, on the ground that Williams had just received a sworn affidavit from a witness that indicated that there had been witness intimidation, prosecutorial misconduct, and false testimony at Williams's trial. The sworn statement, which counsel attached to the motion to continue, was given by Cornelius Bryant, a federal prisoner who was not involved in Williams's trial. Bryant attested that John Holzer, one of Williams's co-defendants who also testified at the trial, had told Bryant that the prosecutor had pressured Holzer to lie on the stand with regard to Williams's participation in the conspiracy in order to receive a motion for a reduction of his sentence under U.S.S.G. § 5K1.1. According to Bryant, Holzer also told him that the prosecutor had threatened Jerome Lummus, another co-defendant, in the same manner and that Holzer "hated to lie on [Williams]" because he knew that Williams had said that he did not intend on participating in the robbery.

At the sentencing hearing, Williams's counsel informed the court of Bryant's sworn statement and asked the court to continue the sentencing because she believed "that it's imperative that the court at least entertain some testimony by [Bryant]." The court found, and counsel conceded, that the newly discovered evidence did not go to an issue at sentencing, but rather was appropriate for a motion for a new trial. The court denied Williams's motion for a continuance and

3

imposed a 241-month sentence.

Williams's counsel did not file a motion for a new trial. Instead, counsel filed a direct appeal in this Court, arguing, <u>inter alia</u>, that the district court had erred in not examining at sentencing the allegations of prosecutorial misconduct. In July 2003, we affirmed Williams's conviction and sentence. In so doing, we addressed whether Williams was entitled to relief on his claim that the government committed a <u>Brady</u>[1] violation by failing to disclose that it had threatened Lummus and Holzer. Specifically, we held that, "[i]n light of the highly speculative nature of Williams's evidence of government misconduct, i.e., a prisoner affidavit that contains only alleged hearsay statements of Williams's codefendant," Williams could not establish that the government engaged in prosecutorial misconduct with regard to either Lummus or Holzer.

In July 2004, Williams filed a <u>pro se</u> motion for a new trial in the district court, pursuant to Fed.R.Crim.P. 33, raising two issues of relevance to the instant matter. First, Williams argued that the newly discovered evidence of Bryant's affidavit established that Holzer had committed perjury, at the direction of the prosecutor, in testifying against Williams at trial. He further contended that the prosecutor had a duty not to solicit false testimony or stand mute when such

---

[1]<u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

testimony occurred. Second, Williams asserted that the prosecutor had engaged in misconduct, constituting a Brady violation, when he threatened Lummus in the presence of Holzer and failed to inform the defense of that threat.

The district court found that Williams previously had raised the same arguments in his direct appeal. The court then quoted language from our decision on Williams's direct appeal. The court next indicated that it was not required to reconsider claims that were raised and disposed of on direct appeal. The court concluded that Williams had not satisfied the requirements of United States v. Schlei, 122 F.3d 944 (11th Cir. 1997) and, to the extent that he requested an evidentiary hearing, he had not established the need for such a hearing. The court thus denied Williams's motion for a new trial and evidentiary hearing. Williams subsequently filed the instant pro se § 2255 motion.

In ruling on Williams's § 2255 motion, the court found that Williams did not establish a reasonable probability that, but for his counsel's failure to file a motion for a new trial during sentencing, the result of his proceedings would have been different. The court specifically referenced Williams's pro se motion for a new trial and concluded that "[i]t would have made no difference if [Williams's] counsel had filed [a motion for new trial during sentencing], since the [district court] would have denied counsel's motion for the same reasons it denied

5

[Williams's] motion." The court noted that it had denied Williams's pro se motion for a new trial on the grounds that his motion failed to demonstrate new evidence "and, for additional reasons, did not justify a new trial." Because the court found that Williams's other claims also were meritless, the court denied his § 2255 motion. Williams appealed and we granted the above-mentioned COA.

Williams argues on appeal that his counsel's performance in failing to file a motion for a new trial was deficient because any competent counsel would have known that the only way that Williams could have received an evidentiary hearing to further establish the facts that there had been perjury and prosecutorial misconduct in his case was to move for a new trial and evidentiary hearing. Williams further asserts that counsel's conduct prejudiced him because a motion for a new trial would have guaranteed him an evidentiary hearing, at which he could have established the facts that supported his claims of perjury and prosecutorial misconduct.

Williams also argues that the Schlei test for obtaining a new trial based upon newly discovered evidence was satisfied by Bryant's affidavit alone because: (1) the affidavit was discovered after the trial; (2) the evidence could not have been discovered earlier through the exercise of due diligence; (3) the evidence was not merely cumulative or impeachment evidence because it demonstrated that

Williams did not receive a fair trial due to the prosecutorial misconduct; (4) the issues presented in the affidavit were material; and (5) the evidence in the affidavit would probably result in Williams's acquittal. As to the district court's reasoning in support of its denial of his § 2255 motion, Williams argues that the court's reason, that Williams's pro se motion for a new trial previously had been denied because the same claims had been rejected on direct appeal, was legally and factually flawed because, had counsel filed the motion during the sentencing, there would have existed no decision from this Court on which the district court could have relied in deciding whether to grant or deny the motion.

"On appeal, we review a district court's findings of fact in a 28 U.S.C. § 2255 proceeding for clear error, and its legal conclusions de novo." Garcia v. United States, 278 F.3d 1210, 1212 (11th Cir. 2002).

The Sixth Amendment provides that a criminal defendant shall have the right to "the assistance of counsel for his defense." U.S. Const. amend. VI. When a convicted defendant claims that his counsel's assistance was ineffective, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's

7

performance was outside the wide range of professional competence." Putman v. Head, 268 F.3d 1223, 1243 (11th Cir. 2001). Reviewing courts must be highly deferential in reviewing a counsel's performance, and must utilize the strong presumption that counsel's performance was reasonable. Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315. Under the prejudice prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Pursuant to Federal Rule of Criminal Procedure 33, "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed.R.Crim.P. 33(b)(1). A defendant may obtain a new trial upon a motion for a new trial based on newly discovered evidence, if the defendant establishes that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the

8

evidence is such that a new trial would probably produce a different
result.

Schlei, 122 F.3d at 991. "The failure to satisfy any one of these elements is fatal to a motion for a new trial." Id. (quotation omitted). A defendant is not entitled to an evidentiary hearing on a motion for a new trial if "the acumen gained by a trial judge over the course of the proceedings [made him] well qualified to rule on the basis of affidavits without a hearing." Id. at 994 (quotation omitted); see also United States v. Hamilton, 559 F.2d 1370, 1373-74 (5th Cir.1977) (explaining that, "[w]here evidentiary hearings are ordered, it is because of certain unique situations typically involving allegations of jury tampering, prosecutorial misconduct, or third party confession").

As an initial matter, it is clear that the district court's reason for denying Williams's § 2255 motion was erroneous. In its decision denying the § 2255 motion, the court concluded that Williams could not meet his burden under Strickland because, considering that the court previously had denied Williams's pro se motion for a new trial, the court "would have denied counsel's motion for the same reasons it denied [Williams's] motion." As noted above, however, the court's sole reason for denying Williams's motion for a new trial was that this Court on direct appeal already had addressed the issues raised by the motion for a new trial. Because the court, in denying Williams's motion for a new trial, relied

9

upon our decision on direct appeal, it was erroneous for the court to later determine that, had Williams's counsel moved for a new trial at the time of sentencing, which occurred before our decision, the court would have denied that motion for the same reason that it denied Williams's pro se motion for a new trial.  In other words, the court could not have denied a motion for a new trial filed at sentencing for the reasons set forth in our decision on direct appeal because the direct appeal had not yet occurred.

Notwithstanding the district court's error, such erroneous reasoning does not preclude us from affirming on different grounds that are supported in the record. See Spaziano v. Singletary, 36 F.3d 1028, 1041 (11th Cir. 1994) (affirming the denial of a § 2254 claim on different grounds than those relied upon by the district court); see also Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (explaining that the principles developed in § 2254 cases also apply to § 2255 motions).  Because, as discussed more fully below, the record here supports the conclusion that Williams's ineffective-assistance-of-counsel claim would have failed on different grounds than those relied upon by the district court, we may still, and do, affirm.

As the government argues, had Williams's counsel filed a motion for a new trial at sentencing, Williams would not have been able to satisfy the Schlei

10

requirements for obtaining a new trial based upon newly discovered evidence because, even assuming without deciding that Williams could have satisfied the first four elements of the Schlei test, he could not satisfy the fifth element: that his newly discovered evidence was such that a new trial probably would have produced a different result. See Schlei, 122 F.3d at 991 (requiring a movant to satisfy all elements of the Schlei test in a successful motion for a new trial). Admittedly, Williams's only evidence in support of his motion for a new trial was an affidavit from Bryant, a prisoner who was not involved in Williams's case. On its face, Bryant's affidavit was replete with hearsay statements alleging that Holzer had told Bryant that the prosecutor had pressured Holzer to falsely testify against Williams. Williams did not provide an affidavit from Holzer directly attesting to his experiences during the trial. Thus, Williams's newly discovered evidence was highly suspect and his assertion that the court would have granted him an evidentiary hearing based upon that evidence was speculative at best. This conclusion is bolstered by our determination on Williams's direct appeal that Bryant's affidavit was "highly speculative."

It is of no consequence that Williams now argues that, had his counsel filed a motion for a new trial at sentencing, the court would have held an evidentiary hearing, during which Williams would have presented further evidence tending to

11

prove that the government knowingly used perjured testimony at his trial, because Williams's argument is merely speculative. As noted above, a district court judge who has presided over a case throughout the course of the proceedings may rule on a motion for a new trial without an evidentiary hearing, except in unique situations involving, among other things, allegations prosecutorial misconduct. See Hamilton, 559 F.2d at 1373-74. Although Williams's motion for a new trial involved allegations of prosecutorial misconduct, those allegations were based upon highly suspect evidence and, thus, contrary to Williams's argument on appeal, the court likely would not have held an evidentiary hearing. Williams's assertion that, on Bryant's affidavit alone, the court would have held an evidentiary hearing, and that Williams would have produced sufficient evidence at that hearing to warrant a new trial, is too attenuated a ground on which to conclude that Williams could have satisfied the Schlei elements had his counsel filed a motion for a new trial at sentencing. Similarly, it is too attenuated a ground on which to determine that Williams's counsel's failure to file a motion for a new trial prejudiced Williams.

In sum, Williams cannot demonstrate that, had his counsel filed a motion for a new trial at sentencing based upon Bryant's affidavit, the affidavit was of such a nature that a new trial would probably have resulted in Williams's acquittal. See

Schlei, 122 F.3d at 991. This is especially true in light of the highly suspect nature of Bryant's affidavit and the evidence at trial that was not based upon Holzer's testimony, namely: Williams knew of the plan for the robbery, he was arrested at the pre-arranged location at which the robbery was planned to commence, and he was in a car in which police officers found official police jackets that were acquired for the purpose of committing the robbery. Under Strickland, then, Williams has not established that, even assuming his counsel's performance was deficient in failing to file a motion for a new trial at sentencing, the error prejudiced Williams. See Strickland, 466 U.S. 668, 687; see also Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) (reasoning that, because a petitioner must meet both parts of the Strickland test, this Court need not address the performance prong if the petitioner cannot meet the prejudice prong).

In light of the foregoing, the district court's denial of Williams's § 2255 motion is

**AFFIRMED.**