[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2009
THOMAS K. KAHN
CLERK

No. 08-11993
Non-Argument Calendar

_____

D. C. Docket No. 04-60038-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELVIN MCKINNEY,

Defendant-Appellant.

_____

On Appeal from the United States District Court for the
Southern District of Florida

_____

(February 17, 2009)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

A Southern District of Florida grand jury indicted Delvin McKinney with

possessing and distributing at least five grams of crack cocaine within 1000 feet of a school on six days in June, July and August 2003 (Counts 1-6), possession with intent to distribute 50 or more grams of crack cocaine (Count 7), and possession with intent to distribute at least 100 grams of cocaine (Count 8), all in violation of 21 U.S.C. § 841 (a)(1). These offenses allegedly occurred in the City of Hallandale Beach, Florida. McKinney pled not guilty and stood trial. The jury convicted him of all but Counts 1 and 5. The district court denied his alternative motions for new trial or acquittal, and sentenced him to life imprisonment on Count 7, and concurrent prison terms of 360 months on the remaining counts.

McKinney appealed his convictions and life sentence. We affirmed. United States v. McKinney, 219 Fed. Appx. 921 (11th Cir. 2007).[1] On February 22, 2008, he filed a motion for a new trial based on newly discovered evidence and requested an evidentiary hearing. McKinney presented the affidavit of Kaper Reams, the brother of Victor Reams, the confidential informant who made repeated drug buys from McKinney and testified at his trial as a Government witness, which stated that he had seen Victor pick up money on the ground near a church in Hallandale during the summer of 2003, and that Victor told him that he

_____

[1] While his appeal was pending, McKinney filed several motions for a new trial. All were denied.

had staged drug sales from an individual whom the police had targeted.

The Government response suggested that the affidavit of Kaper Reams was false and stated that the evidence at trial conclusively established that the money Victor Reams used to purchase drugs from McKinney was provided by law enforcement and documented, Reams was searched prior to every transaction with McKinney and found to be free of contraband, and his testimony was corroborated by law enforcement officers.

The district court denied McKinney's motion and his request for an evidentiary hearing, noting that "this speculative new evidence would have been only cumulative, impeachment evidence, at best, not material and would not have affected the verdict as to any count." McKinney now appeals the court's ruling, contending that the district court abused its discretion in denying his motion for a new trial because his newly discovered evidence satisfied the criteria necessary to warrant a new trial. McKinney also contends that the court abused its discretion in ruling on his motion without holding an evidentiary hearing.

We review a district court's denial of a motion for a new trial based on newly discovered evidence for an abuse of discretion. United States v. Vallejo, 297 F.3d 1154, 1163 (11th Cir. 2002). Likewise, we review a district court's decision concerning whether to hold an evidentiary hearing for an abuse of

3

discretion. United States v. Massey, 89 F.3d 1433, 1443 (11th Cir. 1996).

Federal Rule of Criminal Procedure 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a).

> To succeed on a motion for a new trial based on newly discovered evidence, the movant must establish that (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003) (quotation omitted). "Failure to meet any one of these elements will defeat a motion for a new trial." United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc) (quotation omitted). "Newly discovered impeaching evidence is insufficient to warrant a new trial." United States v. Champion, 813 F.2d 1154, 1171 (11th Cir. 1987).

A defendant is not entitled to an evidentiary hearing on a motion for a new trial if "the acumen gained by a trial judge over the course of the proceedings

[made him] well qualified to rule on the [evidence] without a hearing." <u>United States v. Schlei</u>, 122 F.3d 944, 994 (11th Cir. 1997) (quotation omitted). A motion for a new trial "may ordinarily be decided upon affidavits without an evidentiary hearing," and "[w]here evidentiary hearings are ordered, it is because of certain unique situations typically involving allegations of jury tampering, prosecutorial misconduct, or third party confession." <u>United States v. Hamilton</u>, 559 F.2d 1370, 1373 (5th Cir. 1977).

The newly discovered evidence McKinney provided was, at best, mere impeaching evidence. It would not have produced a different outcome at trial. We find no abuse of discretion in the court's denial of the motion without an evidentiary hearing.

**AFFIRMED.**