[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12581
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-20849-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS JACINTO MARTI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 3, 2009)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Dr. Luis Jacinto Marti appeals the denial of his motion for a new trial based

on newly discovered evidence. The district court ruled that the evidence was not material. We affirm.

## I. BACKGROUND

In 2006, Marti was convicted of one count of conspiracy to commit healthcare fraud and fifteen counts of healthcare fraud. Marti signed medical documents as the supervising physician for codefendant Jorge Valido that recommended medically unnecessary treatments for patients on Medicaid, and Marti's signature was forged on prescriptions for those patients. See United States v. Marti, No. 07-11422 (11th Cir. Sept. 18, 2008). After Marti was served a subpoena to produce medical records for some of Valido's patients, Marti reviewed the records and instructed Valido to make changes to those records before they were turned over to the government. Marti argued that the medically unnecessary treatments were added after he signed the medical records and his signatures on the prescriptions were forged by his codefendants without his consent. A forensic document examiner for the Federal Bureau of Investigation testified that all of the patient documents referenced in the indictment contained signatures that either were forged or were not comparable to Marti's signature.

We held on direct appeal that there was sufficient evidence for the jury to find that Marti allowed his codefendants to use his signature. We stated four

2

reasons in support of our conclusion: 1) Marti was the only doctor who supervised Valido and signed prescriptions during the time that Valido's medical license was restricted; 2) Marti's authentic signature appeared on numerous medical records that referenced the use of medically unnecessary drugs; 3) Marti reviewed these records several times and never disavowed his signature; and 4) Marti admitted that he had testified falsely at a pre-trial deposition that he would not have signed the chart of a patient unless he had observed Valido with the patient. Marti, No. 07-11422, slip op. at 9–10.

In March 2008, Marti moved for a new trial based on newly discovered evidence. Marti alleged that, in January 2008, an auditor from the Department of Health and Human Services showed him nine medical documents that had been filed with the Medicaid agency by Floridian Medical Supply, Inc. from December 2005 through July 2006 and bore Marti's forged signature. Marty alleged that he had never affiliated with Floridian Medical or treated the patients mentioned in the medical records. Marti argued that the nine documents supported his defense at trial that someone forged his signature without his authority. Attached to the motion was a report prepared by a document examiner that stated the signatures on the Floridian Medical documents were not genuine. The report contained copies of the Floridian Medical documents and copies of documents that bore Marti's actual

signature.

The district court denied Marti's motion and disagreed that the evidence supported his theory of defense. The district court found that Marti failed to establish that the forgeries were related to his earlier convictions or that his signature was forged by the same individual. The court concluded that the newly discovered evidence "could demonstrate that someone forged Marti's name in connection with a different type of Medicaid fraud scheme four years after the conduct for which Marti was indicted occurred" and "[t]he connection of these documents [to the evidence underlying his convictions] is tenuous at best."

## II. STANDARD OF REVIEW

We review the denial of a motion for a new trial for abuse of discretion. See United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006). The decision to deny an evidentiary hearing is also a decision "'within the trial court's sound discretion, subject to review only for an abuse of that discretion.'" United States v. Schlei, 122 F.3d 944, 990 (11th Cir. 1997) (quoting United States v. Slocum, 708 F.2d 587, 600 (11th Cir. 1983)).

## III. DISCUSSION

Although "the court may vacate any judgment and grant a new trial if the interest of justice so requires," Fed. R. Crim. P. 33(a), "a much more stringent

standard applies" when the motion is filed more than seven days after the conviction. Schlei, 122 F.3d at 990–91. Such motions "are highly disfavored . . . and should be granted only with great caution." Campa, 459 F.3d at 1151. To succeed on the motion, the defendant must prove that he discovered the evidence after his trial; his failure to discover the evidence earlier is not attributable to a lack of due diligence; the evidence is not cumulative or impeaching; the evidence is material; and the evidence is of such a nature that it would likely produce a different result in a new trial. See Schlei, 122 F.3d at 991. "'The failure to satisfy any one of these elements is fatal to a motion for a new trial.'" Id. (quoting United States v. Lee, 68 F.3d 1267, 1274 (11th Cir. 1995)).

The district court did not abuse its discretion by denying Marti's motion and his request for an evidentiary hearing. The district court presided over Marti's trial and was sufficiently familiar with the case to determine that Marti's new evidence was not material to his defense. See United States v. Hirst, 668 F.2d 1180, 1185 (11th Cir. 1982) ("Newly discovered evidence must be material and the question of materiality rests in the discretion of the court."); see also Schlei, 122 F.3d at 994 ("'[T]he acumen gained by a trial judge over the course of the proceedings makes [him] well qualified to rule . . . without a hearing.'" (quoting United States v. Hamilton, 559 F.2d 1370, 1373–74 (5th Cir. 1977))). Marti failed to establish a

connection between the Floridian Medical records and the evidence of forgery offered at his trial. Marti asserts that "unknown persons" forged his signature on the Floridian Medical documents, but he shared a business relationship with Valido and others who purportedly altered the medical records and forged his signature on the prescriptions. Forgeries of unrelated documents do not contradict the finding that Marti allowed his codefendants to forge his signature as part of their conspiracy to commit healthcare fraud.

The denial of Marti's motion for a new trial is **AFFIRMED**.