[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14632
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20023-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL TYRONE MOBLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2010)

Before DUBINA, Chief Judge, BLACK and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Michael Tyrone Mobley appeals the district court's denial of his

motion for a new trial based on newly discovered evidence.  *See* Fed.R.Crim.P. 33.

Mobley was convicted for being a felon in possession of a firearm, in violation of

18 U.S.C. § 922(g)(1), possession with the intent to distribute cocaine base, in

violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), possession with the intent to

distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18

U.S.C. § 924(c)(1)(A).  Mobley argues that his proffered new evidence, an

affidavit containing exculpatory statements, meets all of the requirements to

warrant a new trial.

We review for abuse of discretion a district court's denial of a motion for a

new trial based on newly discovered evidence.  *United States v. Vallejo*, 297 F.3d

1154, 1163 (11th Cir. 2002).  Likewise, we review for abuse of discretion a district

court's decision concerning whether to hold an evidentiary hearing.  *United States*

*v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996).

Federal Rule of Criminal Procedure 33 provides that a "court may vacate

any judgment and grant a new trial if the interest of justice so requires."

Fed.R.Crim.P. 33(a).

> To succeed on a motion for new trial based on newly discovered
> evidence, the movant must establish that (1) the evidence was
> discovered after trial, (2) the failure of the defendant to discover the
> evidence was not due to a lack of due diligence, (3) the evidence is not

2

merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (quoting *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999)). "Failure to meet any one of these elements will defeat a motion for a new trial." *United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995). As to the first prong, we have "rejected the idea that newly available evidence is synonymous with newly discovered evidence" in the Rule 33 context. *United States v. DiBernardo*, 880 F.2d 1216, 1224-25 (11th Cir. 1989) (holding that a codefendant's exculpatory testimony was not "newly discovered" evidence for the purposes of Rule 33). "Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (*en banc*) (internal quotation marks omitted).

A defendant is not entitled to an evidentiary hearing on a motion for a new trial if "the acumen gained by a trial judge over the course of the proceedings [made him] well qualified to rule on the [evidence] without a hearing." *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997) (internal quotation marks omitted). A motion for a new trial "may ordinarily be decided upon affidavits

without an evidentiary hearing," and "[w]here evidentiary hearings are ordered, it is because of certain unique situations typically involving allegations of jury tampering, prosecutorial misconduct, or third party confession." *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977)[1] (citations omitted).

After reviewing the record, we conclude that the district court did not abuse its discretion in denying Mobley's motion, because the evidence supporting Mobley's motion was not "newly discovered" evidence in the Rule 33 context, and because Mobley cannot establish that the proffered evidence would likely produce a different outcome at trial. *See Jernigan*, 341 F.3d 1273, 1287; *see also Starrett*, 55 F.3d at 1554. Accordingly, we affirm the district court's order.

**AFFIRMED.**

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.