# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2023

Lyle W. Cayce
Clerk

No. 21-30666

United States of America,

*Plaintiff—Appellee*,

*versus*

Rodney P. Gemar,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-181-2

Before Richman, *Chief Judge*, and King and Higginson, *Circuit Judges*.

Priscilla Richman, *Chief Judge*:

Rodney P. Gemar was a local law-enforcement agent who worked as a taskforce officer with the Drug Enforcement Administration (DEA). Gemar was charged with stealing money and property from arrestees, as well as destroying evidence of those activities. After a seven-day trial, a jury found Gemar guilty on all counts. Following the verdict, Gemar asserted that one of the jurors had failed to disclose his acquaintance with Gemar and Gemar's wife, and Gemar moved for a new trial on the basis of juror bias. Without

No. 21-30666

holding an evidentiary hearing, the district court denied the motion and sentenced Gemar to twenty-seven months of imprisonment.

We remand for the district court to hold an evidentiary hearing on the question of juror bias.

## I

Gemar worked as a police officer for the Hammond, Louisiana Police Department and in 2009 was deputized as a taskforce officer with the DEA. Gemar worked with Chad Scott, a special agent with the DEA, and other taskforce officers. The Government alleged that from 2009 to 2016 Gemar and others stole property and money from arrestees, and that in 2016 Gemar destroyed evidence of those activities.

Gemar and his co-defendant, Scott, were charged with conspiracy to convert property of another by an officer or employee of the United States and remove property to prevent seizure in violation of 18 U.S.C. § 371; conversion of property of another by an officer or employee of the United States in violation of 18 U.S.C. § 654; and removal of property to prevent seizure in violation of 18 U.S.C. § 2232(a).

During voir dire, the district court asked the prospective jurors, "The defendants in this case are Mr. Chad Scott and Mr. Rodney Gemar. . . . Do any of you know Mr. Gemar or any members of his family? Have any of you ever heard of Mr. Gemar?" The juror now accused of bias, Juror 27, did not respond to the question. The district court also asked if the members of the venire could "think of anything else which might have some bearing on your qualifications or competence as jurors" or knew "of any reason why you think that you should not sit on this case and render a fair, just, honest, and impartial verdict?" Juror 27 did not respond.

No. 21-30666

Two months after trial, counsel for Gemar "learned that Juror 27 in Mr. Gemar's trial failed to provide honest and complete information during voir dire." According to Gemar, "Juror 27 was a close friend to Mr. Gemar's wife . . . during high school." Gemar's wife submitted a declaration stating that she and Juror 27 attended a school dance together in 1995 or 1996, Juror 27 attended the Gemars' wedding in 2005, and she and Juror 27 had communicated over social media between 2009 and 2017. Photographs and screenshots attached as exhibits to the declaration corroborate these claims. According to her declaration, Gemar's wife had not been present in the courtroom during voir dire, but she had been in the courtroom throughout trial.

Based on this information, Gemar moved for a new trial under Federal Rule of Criminal Procedure 33. He argued that Juror 27 was actually biased and impliedly biased, and that Juror 27's presence on the jury violated Gemar's constitutional right to trial by an impartial jury. The district court denied the motion without holding an evidentiary hearing and sentenced Gemar to twenty-seven months of imprisonment as to each count, to be served concurrently.

## II

Gemar challenges the (1) introduction at trial of statements he made during proffer sessions, (2) denial of his motion for a new trial, and (3) application of a sentencing enhancement. Because we remand for the

3

district court to hold an evidentiary hearing on the claim of juror bias, we do not reach the first and third issues.

"A criminal defendant has the right to a trial by an impartial jury, secured by the Sixth and Fourteenth Amendments."[1] "The remedy for a valid implied bias claim is a new trial,"[2] and "[a] claim of alleged bias is ordinarily addressed in a hearing where the judge examines the juror and obtains assurances of the juror's impartiality."[3] We review a district court's decision not to hold an evidentiary hearing for a claim of juror bias for abuse of discretion.[4]

Gemar argues that "Juror 27's prior romantic relationship with the defendant's wife necessitated, at a minimum, a questioning before the court." Gemar asserts that such questioning would reveal that Juror 27 was actually biased, entitling Gemar to a new trial.

The Government responds that the district court "followed Fifth Circuit precedent" in ruling on the motion for a new trial without holding an evidentiary hearing. The Government is correct that we have previously held that motions for a new trial may generally be decided on written submission without a hearing.[5] However, we have also recognized that district courts

---

[1] *United States v. Dejean*, 988 F.3d 813, 816 (5th Cir. 2021) (first citing U.S. Const. amends. VI, XIV; and then citing *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968)).

[2] *Solis v. Cockrell*, 342 F.3d 392, 400 & n.44 (5th Cir. 2003) (citing *Dyer v. Calderon*, 151 F.3d 970, 973 n. 2 (9th Cir. 1998)).

[3] *Hatten v. Quarterman*, 570 F.3d 595, 600 (5th Cir. 2009) (citing *Brooks v. Dretke*, 444 F.3d 328, 330 (5th Cir. 2006)).

[4] *See United States v. Thomas*, 627 F.3d 146, 161 (5th Cir. 2010).

[5] *See United States v. Mahmood*, 820 F.3d 177, 190 (5th Cir. 2016) ("The law of this circuit is well established that a motion for new trial may ordinarily be decided upon affidavits without an evidentiary hearing." (quoting *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977))).

may order evidentiary hearings "because of certain unique situations," including allegations of jury tampering.[6] Ordinarily, a hearing is appropriate when there is an allegation of juror bias.[7]

In its order explaining the denial of the motion for a new trial, the district court acknowledged that a claim of juror bias is usually addressed through an evidentiary hearing. Despite this, the district court reasoned that "the Fifth Circuit has held that a district court did not err in denying an evidentiary hearing where even if the allegations of juror bias were true, the juror 'would not have been subject to a challenge for cause on the basis of the omitted information.'" The district court cited *Bey v. Scott*[8] for this proposition. *Bey* is an unpublished opinion arising in the habeas context. As the court in *Bey* pointed out, "[t]o receive a federal evidentiary hearing, a habeas corpus petitioner must allege facts that, if proved, would entitle him to relief."[9] Applying this principle, the court in *Bey* affirmed the district court's denial of habeas relief on a juror bias claim because petitioner had not "allege[d] facts which, if true, would entitle him to habeas relief."[10] This is

---

[6] *Id.*

[7] *See Smith v. Phillips*, 455 U.S. 209, 215 (1982) ("This Court has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias."); *Remmer v. United States*, 347 U.S. 227, 229-30 (1954) ("The trial court should not decide and take final action ex parte on information [concerning "private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury"], but should determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial, in a hearing with all interested parties permitted to participate."); *Hatten*, 570 F.3d at 600 ("A claim of alleged bias is ordinarily addressed in a hearing where the judge examines the juror and obtains assurances of the juror's impartiality." (citing *Brooks*, 444 F.3d at 330)).

[8] 77 F.3d 477, 1995 WL 798579 (5th Cir. 1995) (per curiam) (unpublished).

[9] *Id.* at *2.

[10] *Id.* at *3.

not a habeas proceeding.  Gemar seeks an evidentiary hearing to develop a factual record in the district court in support of a new trial.  The standard of review is not the same as the one applied in a federal habeas proceeding.

In denying Gemar's motion for a new trial, the district court also noted that Gemar had not requested an evidentiary hearing.  Gemar argues that a request for an evidentiary hearing "was not a requirement under the local rules and the intent of the motion, with its discussion of an evidentiary hearing generally being required within the motion itself along with its attachments, demonstrated [Gemar's] desire to have a full hearing on the matter."  The attachments Gemar mentions include a notice of hearing that accompanied his motion for a new trial, which further suggests that he indicated to the district court his desire for an evidentiary hearing.

Although not every claim of actual bias on behalf of a juror militates a hearing, the district court here abused its discretion by ruling on the motion for a new trial without holding an evidentiary hearing.[11]  Gemar has established that Juror 27 and Gemar's wife were friends in high school, that Juror 27 attended the Gemars' wedding, and that Juror 27 and Gemar's wife communicated over social media up until Gemar was indicted. Juror 27 failed to reveal any of this information during voir dire.  We note that the record is silent as to whether Gemar recognized Juror 27 during voir dire or the trial,

---

[11] *See United States v. Boney*, 977 F.2d 624, 634-35 (D.C. Cir. 1992) ("We do not now hold that any false statement or deliberate concealment by a juror necessitates an evidentiary hearing.  But we believe that a juror's refusal to admit his felony status is particularly troublesome.  Unlike some information sought in *voir dire*, a question about felon status would strike the average juror as extremely serious and sensitive.  Lying about a factor as important (and as easy to verify through public records) as felon status raises at least the inference that the juror had an undue desire to participate in a specific case, perhaps because of partiality.  Because the record provides no evidence that the motivation for the lie was unrelated to bias in this case, it was an abuse of discretion under these facts for the trial judge not to have held an evidentiary hearing." (footnote omitted)).

No. 21-30666

Gemar's wife recognized Juror 27 during her husband's trial, whether she provided information to Gemar about Juror 27 before the jury reached its verdict, and other, obvious, related questions as to what Gemar knew regarding Juror 27 and when. Nevertheless, Gemar has made a sufficient showing to entitle him to a hearing on his juror bias claim.[12]

\*     \*     \*

We REMAND with instructions to hold an evidentiary hearing into Juror 27's possible biases and any other pertinent issues.

---

[12] *See United States v. Thomas*, 627 F.3d 146, 161 (5th Cir. 2010) (holding that the district court did not abuse its discretion in denying the defendant's motion for an evidentiary hearing and new trial because, though the "juror did not disclose any relationship with [the defendant] during *voir dire*," "[t]here [was] no evidence . . . that this was a misrepresentation" and the defendant "did not offer evidence that the juror even knew him"); *United States v. Tucker*, 137 F.3d 1016, 1029 (8th Cir. 1998) (holding that the defendant "made a sufficient showing of [an actual bias] claim to entitle him to a hearing on his claim that he was denied his right to an impartial jury" because the prospective juror "was alleged to have concealed a relationship of great significance to her and one that would have been of great significance to [the defendant] if he had known of it").