**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4875**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

MICHAEL GREENE, a/k/a Mike,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.   Frank D. Whitney, Chief District Judge.   (3:09-cr-00039-FDW-5)

─────────────

Submitted:  July 15, 2014              Decided:  August 18, 2014

─────────────

Before KEENAN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant.   Anne M. Tompkins, Amy E. Ray, Assistant United States Attorneys, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Michael Greene was convicted of one count of conspiracy to distribute and possess with intent to distribute one or more controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846, 851 (2012), and one count of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 1951 (2012). In his initial appeal, Greene's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no meritorious arguments for appeal. During the pendency of the appeal, the Government revealed that one of its trial witnesses had engaged in misconduct, including taking evidence relevant to Greene's trial. In our decision, we took no position on this issue, because Greene had filed a motion for a new trial in the district court on the same basis. Thus, we determined that the district court should address the issue in the first instance. In reviewing Greene's remaining arguments, we affirmed the convictions but vacated the sentence and remanded for resentencing in light of the rule announced in Dorsey v. United States, 132 S. Ct. 2321 (2012).

On remand, the district court denied Greene's motion for a new trial without an evidentiary hearing. The court resentenced Greene to forty years' imprisonment for the drug conspiracy and twenty years' imprisonment for the robbery conspiracy to run consecutively. In the present appeal, Greene

2

challenges his sentence and the court's decision not to have an evidentiary hearing on his motion for a new trial. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 46 (2007). We must first ensure that the district court committed no "significant procedural error," including improper calculation of the advisory Sentencing Guidelines range, insufficient consideration of the § 3553(a) factors, and inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In announcing a sentence, the district court is not required to "robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence." United States v. Powell, 650 F.3d 388, 395 (4th Cir. 2011) (internal quotation marks omitted). The court must, however, conduct an "individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Lynn, 592 F.3d at 584 (internal quotation marks omitted).

The district court must provide sufficient explanation to "demonstrate that it 'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" Lynn, 592 F.3d at 576 (quoting Rita v. United States, 551 U.S. 338, 356 (2007)). Such

3

explanation is required to "promote the perception of fair sentencing" and to permit "meaningful appellate review." Gall, 552 U.S. at 50. We apply a presumption of reasonableness on appeal to a within-Guidelines range sentence. Rita, 551 U.S. at 347; see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing Guidelines range is presumptively reasonable.") (citation omitted).

We find no error with the district court's imposition of sentence. The district court incorporated many of the findings from the first sentencing and addressed fully Greene's argument for a thirty-year sentence. We have considered Greene's arguments made in this appeal and conclude that the arguments are without merit.

Greene claims that he was entitled to an evidentiary hearing on his motion for a new trial. We review the district court's decision in this regard for abuse of discretion. United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). Because the court was very familiar with the trial evidence and the grounds Greene was asserting for a new trial, the court did not abuse its discretion declining to have an evidentiary hearing. United States v. Hamilton, 559 F.2d 1370, 1373–74 (5th Cir. 1977).

Accordingly, we affirm the sentence and the court's denial of Greene's motion for a new trial. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED